UNITED STATES of America, Appellee,

v.

Brooks Gregory DAVIS, Wayne Davis, Claddis Arrington and Mary Davis, a/k/a "Mary Ferguson", Defendants,

Wayne Davis and Mary Davis, Defendants–Appellants.

Nos. 1209, 1210, Dockets 88–1161, 88–1162.

United States Court of Appeals, Second Circuit.

Argued April 19, 1988.

Decided April 28, 1988.

Judd Burstein, New York City (Michael R. Gavenchak, Ruth M. Liebesman, Judd Burstein, P.C., New York City, of counsel), for defendant-appellant Wayne Davis.

Ronald Rubinstein, Kew Gardens, N.Y., for defendant-appellant Mary Davis.

Daniel Richman, Asst. U.S. Atty., New York City (Rudolph W. Giuliani, U.S. Atty. for the S.D.N.Y., New York City, of counsel), for appellee.

Before FEINBERG, Chief Judge, and MESKILL and PIERCE, Circuit Judges.

PIERCE, Circuit Judge:

Wayne Davis and Mary Davis bring these expedited appeals from orders of the United States District Court for the Southern District of New York, Thomas P. Griesa, Judge, revoking their respective releases on bail pending trial. Though appellants raise several arguments on appeal, we need only address their claims (1) that they were denied their right to testify, to cross-examine witnesses who appear, and to present evidence at a hearing, and (2) that the district court did not include written findings of fact in its detention order, which they contend is required by 18 U.S.C. § 3148(b) (1982 & Supp. IV 1986). We conclude that, under § 3148, appellants are entitled to a further hearing, to specific findings by the district court, and to a statement of the court's reasons for revo-

cation and detention. Accordingly, we remand.

## BACKGROUND

We set forth briefly the pertinent facts of this case, as gleaned from the papers submitted on this expedited appeal. On October 21, 1987, Wayne Davis was arrested with twenty-two other persons and charged with violations of the federal narcotics laws. Following the government's motion for pretrial detention pursuant to 18 U.S.C. § 3142(e) (1982 & Supp. IV 1986), Magistrate Buchwald held a hearing on October 27, 1987, at which counsel for the government and counsel for Wayne Davis made proffers. Based on the rebuttable presumptions against pretrial release in narcotics cases, see id., the magistrate ordered that Wayne Davis be detained.

On November 5, 1987, Wayne Davis was indicted along with twelve other persons on charges of federal narcotics violations. Wayne Davis was arraigned on November 12, 1987. An appeal of the magistrate's detention order was argued before Judge Griesa on November 17, 1987, and was denied. On December 10, 1987, a superseding indictment was filed which added new narcotics counts against Wayne Davis and added a new defendant, Mary Davis, who is the wife of the lead defendant, Brooks Davis. A second appeal of Wayne Davis's detention order was argued before Judge Griesa on December 23, 1987, and was denied.

On January 4, 1988, Mary Davis appeared before Magistrate Gershon for the setting of bail. With the government's consent, bail was set at $250,000 by personal recognizance bond, to be secured by $100,000 in real estate. On January 7, 1988, in light of a rescheduling of the trial from January 25, 1988 to April 4, 1988, the government reached an agreement on bail conditions for Wayne Davis, including $750,000 by personal recognizance bond, secured by the residences of two relatives, and travel restrictions enforced by an electronic wristlet to be worn by Wayne Davis.

On April 11, 1988, just prior to the commencement of jury selection, the govern-ment moved for remand of Wayne Davis, Mary Davis, and co-defendant Claddis Arrington. During the long colloquy that ensued, the government made a proffer that a confidential informant had implicated Wayne Davis and Claddis Arrington in plans to harm witnesses. The government indicated that two government witnesses recanted their testimony under suspicious circumstances. A third potential witness was shot two days before the trial was to commence. In response to the government's proffer, Wayne Davis's counsel argued that there was no proof of his client's involvement in the alleged efforts to harm witnesses and that his client had no motive to have the third potential witness shot since he had obtained strong impeachment evidence against that potential witness. Mary Davis's counsel argued that the government had said nothing to connect his client to the alleged acts. Though defense counsel did not request that defendants be present during this colloquy, they did indicate their belief that defendants were entitled to a hearing under 18 U.S.C. § 3148. However, after noting that "indications are ... strong" that defendants were involved in witness intimidation and attempted murder, the district court orally granted the government's motions for remand of defendants and concluded the hearing.

On April 12, 1988, the second day of jury selection, defense counsel renewed their request for a hearing and announced that another potential government witness, the informant whose testimony had formed the basis of the government's proffer the day before, had recanted. The district judge denied the request for a hearing, indicating that the hearing conducted the day before had been sufficient and that he did not intend to take testimony from the informant who recanted. Orders revoking the appellants' bail which were filed that day were not accompanied by particularized findings of fact. Wayne Davis and Mary Davis subsequently sought review of the orders revoking their releases on bail pending trial, and this appeal was argued on April 19.

## DISCUSSION

◾ Appellants make several arguments to support their claim that the district court's revocation of their bail violated 18 U.S.C. § 3148. We need only reach appellants' procedural arguments, namely, that they were denied the opportunity to testify, to call witnesses, and to cross-examine witnesses who appear, and that the district court failed to issue written findings of fact, as required by § 3148.

Section 3148 sets forth procedures to be followed and standards to be observed for revocation of an order of release pending trial. In relevant part, § 3148(b) provides that a "judicial officer shall enter an order of revocation and detention if, *after a hearing*, the judicial officer—(1) finds that there is—(A) probable cause to believe that the person has committed a Federal, State, or local crime while on release.... If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a *rebuttable* presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community" (emphasis added).

Though the statute is silent as to the nature of a § 3148(b) hearing, Wayne Davis contends that the hearing envisioned by § 3148 is akin to the detention hearing required by 18 U.S.C. § 3142(f). In support of this claim, Wayne Davis observed that the Supreme Court in *United States v. Salerno*, ⸺ U.S. ⸺, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987), held the Bail Reform Act to be constitutional, in part, because of the numerous procedural safeguards which must be afforded defendants prior to pretrial detention. Those safeguards included the right to counsel, the right of the accused to testify in his own behalf, to present information by proffer or otherwise, to cross-examine witnesses who appear at the hearing, *see* 18 U.S.C. § 3142(f), and also, the requirement that the judicial officer include written findings of fact and a written statement of reasons for a decision to detain, *see id.* § 3142(i). 107 S.Ct. at 2103–04.

The government argues that Congress did not want bail hearings to resemble "mini-trials." *United States v. Martir*, 782 F.2d 1141, 1145 (2d Cir.1986). Further, the government cites *Martir* for the proposition that "In the informal evidentiary framework of a detention hearing, the methods used to scrutinize government proffers for reliability must be within the discretion of the presiding judicial officer, informed by an awareness of the high stakes involved." *Id.* at 1147. Therefore, the government concludes, Congress could not have intended § 3148 to require full-blown evidentiary hearings.

We agree with appellants that they are entitled to a further hearing. We recognize that § 3142 and § 3148 provide quite different avenues to detention before trial, *see United States v. Gotti*, 794 F.2d 773, 778 (2d Cir.1986), and consequently, that Congress may not have intended the hearings required under § 3148 and § 3142 to be identical. Nonetheless, we discern basic similarities in the defendant's interests in both the § 3148 and the § 3142 contexts that argue in favor of similar procedural protections in both settings. Whether an individual is detained without bail pursuant to § 3142 or § 3148, the result is the same. Congress recognized that, given the individual's strong interest in liberty, pretrial detention may be constitutionally defective if the statute fails to provide adequate procedural safeguards. *See* S.Rep. No. 225, 98th Cong., 2d Sess. 8, *reprinted in* 1984 U.S.Code Cong. & Admin. News 3182, 3191. As the Supreme Court noted with regard to § 3142, "the procedures by which a judicial officer evaluates the likelihood of future dangerousness are specifically designed to further the accuracy of that determination." *Salerno*, 107 S.Ct. at 2103. In view of the defendant's similar interests in both the § 3142 and § 3148 contexts and Congress's concern with procedural safeguards, we conclude that it is appropriate to look to the requirements of § 3142 for guidance as to the nature of the hearing under § 3148.

Moreover, though Congress did not specify the nature of the hearing to be held

under § 3148, the legislative history of § 3148 makes it clear that Congress did intend to give defendants an opportunity to testify and to present evidence on their own behalf. The report of the Senate Committee on the Judiciary stated:

> [T]here may be cases in which a defendant may be able to demonstrate that, although there is probable cause to believe that he has committed a serious crime while on release, the nature or circumstances of the crime are such that revocation of release is not appropriate. Thus, while the Committee is of the view that commission of a felony during the period of release generally should result in the revocation of the person's release, it concluded that *the defendant should not be foreclosed from the opportunity to present to the court evidence indicating that this sanction is not merited.*

S.Rep. No. 225 at 35–36, *reprinted in* 1984 U.S. Code Cong. & Admin. News at 3218–19 (emphasis added). Indeed, in providing that a rebuttable presumption arises upon a finding of probable cause, § 3148 assumes that the defendant will be given an opportunity to present evidence against that presumption. In light of the procedural protections required by § 3142(f) and on the basis of the legislative history of § 3148, we conclude that appellants are entitled to a further hearing, including a further opportunity to testify on their own behalf and to present evidence to demonstrate that revocation of bail is not merited.

■ For similar reasons, we conclude that the district court should make specific findings of fact and should specify reasons for its revocation and detention order. Section 3148(b) merely states that a "judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer" makes the requisite findings. Though § 3148 is silent on the contents of such a detention order, we believe that the language of § 3142(i) is instructive. Basically, § 3142(i) requires that a detention order shall include findings and reasons for detention. As previously stated, this was one of numerous procedural protections afforded a defendant that was noted with approval by the Supreme Court in *Salerno.*

In view of the "high stakes" involved not only in the § 3142 context but also in the § 3148 bail revocation context, we conclude that a clear record of the district court's findings and its reasons for revocation and detention, which may be embodied in a transcript of the proceedings, should accompany its order.

■ This conclusion is not inconsistent with the government's position that "Congress did not intend detention hearings to resemble mini-trials." A bail revocation hearing under § 3148(b), like the § 3142(f) hearing, is not to serve either as a "mini-trial ... or as a discovery tool for the defendant." *Martir*, 782 F.2d at 1145. We in no way suggest that the district court's discretion should be curtailed. Rather, "[i]n light of the Act's mandate for informality and the need for speed at a point where neither the defense nor the prosecution is likely to have marshalled all its proof," the court retains its considerable discretion regarding methods of presenting information, though "the exercise should reflect an awareness of the high stakes involved." *Id.* Thus, we do not suggest that it would be an abuse of discretion for the district court to permit the government to proceed by proffer alone. *Id.* at 1147.

In summary, we conclude that appellants are entitled to a further hearing including an opportunity to testify and to present evidence, and that they are entitled to specific findings and a statement of reasons for revocation and detention under § 3148(b). Accordingly, we remand this case for a further hearing and for clarification of findings. In light of the record as it currently exists, albeit incomplete, appellants are to remain in detention pending the outcome of a further hearing.