NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 14-2691 and 14-4118
_____

UNITED STATES OF AMERICA

v.

LEROY TRUDGEN,
                    Appellant
_____

On Appeal from United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 3-12-cr-00147-001)
District Judge:  Honorable Edwin M. Kosik
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 18, 2015

Before:  FISHER, CHAGARES and JORDAN, *Circuit Judges*.

(Filed: September 30, 2015)
_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

    Leroy Trudgen appeals from the District Court's denial of his motion for a

revocation hearing. We will affirm.

_____

    [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts that are necessary to our analysis.

On April 19, 2012, the Federal Bureau of Investigation filed a criminal complaint charging Trudgen with conspiracy to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 846. Trudgen appeared before Magistrate Judge Malachy E. Mannion, who ordered Trudgen detained pending trial.

On June 12, 2012, a grand jury sitting in the United States District Court for the Middle District of Pennsylvania issued an indictment charging Trudgen with conspiracy to distribute cocaine. Trudgen pled not guilty and filed a motion for review of the detention order. Senior United States District Court Judge Edwin M. Kosik conducted a hearing on October 2, 2012, and directed Trudgen's continued detention. After Trudgen filed a motion for another bail hearing, citing medical issues, Judge Kosik held a second hearing on December 5, 2012. At the hearing, the District Court agreed to release Trudgen to home confinement and imposed certain conditions on his release, including that he not contact any witnesses in the case against him.

After learning that Trudgen had violated the conditions of his release by visiting a casino and meeting with a drug customer and potential co-conspirator, the government filed a motion for a bail violation hearing. This hearing was to occur on January 23, 2013.

Trudgen did not attend the hearing. After missing the hearing, Trudgen's attorney filed a motion for voluntary surrender, which the District Court granted. It ordered Trudgen to voluntarily surrender on January 24, 2013. Trudgen complied with the order and was placed in federal custody.

On July 18, 2013, Trudgen filed a motion for a revocation hearing. The District Court conducted a detention hearing on July 31, 2013, in which Trudgen admitted that he had left home confinement, had gone to a casino, and interacted with someone with whom and to whom he had previously sold drugs. The District Court found that Trudgen violated the conditions of his release and ordered Trudgen's continued detention.

Following that order, Trudgen filed another motion for a revocation hearing and to discharge counsel on August 28, 2013. The District Court conducted a hearing on September 5, 2013, and explained that Trudgen initially did not receive a revocation hearing because he had voluntarily surrendered, but that the District Court had conducted a revocation hearing upon Trudgen's motion on July 31, 2013. At the conclusion of the hearing, the District Court advised Trudgen that it would ask the court reporters to prepare a transcript of the previous revocation hearing so that Trudgen could appeal. Trudgen filed a notice of appeal on October 4, 2013.

Trudgen entered a guilty plea to the indictment on November 13, 2013. After pleading guilty, Trudgen filed a motion for release from custody, seeking release or alternatively that he be granted a revocation hearing with respect to his pre-trial release.

The District Court denied the motion, and on May 1, 2014, sentenced Trudgen to 97 months' imprisonment. Trudgen timely appealed.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. Because Trudgen objected to the denial of his motion for a revocation hearing, we review the District Court's denial for harmless error. Under harmless error review, "any error…that does not affect substantial rights must be disregarded."[1]

## III.

## A.

Trudgen first argues that his attorney, Joseph O'Brien, provided ineffective assistance of counsel by not objecting to the motion for voluntary surrender made by Trudgen's previous attorney, Leo Latella. According to Trudgen, Latella did not consult with him when he moved for an order of voluntary surrender. Because of the order of voluntary surrender, the District Court ordered Trudgen into custody.

To establish ineffective assistance of counsel, a criminal defendant must show that counsel's conduct was deficient and that the deficiency resulted in prejudice to the

---

[1] Fed. R. Crim. P. 52(a).

defense. Prejudice occurs where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[2]

Claims of ineffectiveness of counsel are ordinarily reserved for review on collateral attack. This is because, on direct review, the appellate court would have to "proceed on a trial record not developed precisely for the object of litigating or preserving the [ineffective-assistance] claim" and thus is "often incomplete or inadequate for this purpose."[3] Therefore, the proper avenue for pursuing an ineffective assistance of counsel claim is "through a collateral proceeding in which the factual basis for the claim may be developed."[4] A narrow exception to the rule exists, however, where the record is sufficient to determine that there was ineffective assistance of counsel without additional factfinding.[5]

At this point, the record is not sufficient to determine that there was ineffective assistance of counsel. It is not clear that O'Brien's failure to object to the voluntary surrender motion was deficient. Nor is it clear that any alleged deficiency would be prejudicial to Trudgen, as he admitted at the hearing that he violated the terms of his release and that he did not appear at the first bail revocation hearing.

---

[2] *Strickland v. Washington*, 466 U.S. 668, 690, 694 (1984).
[3] *Massaro v. United States*, 538 U.S. 500, 505 (2003).
[4] *United States v. Headley*, 923 F.2d 1079, 1083 (3d Cir. 1991) (quoting *United States v. Theodoropoulous*, 866 F.2d 587, 598 (3d Cir. 1989), *overruled on other grounds*, *United States v. Price*, 76 F.3d 526 (3d Cir. 1996)).
[5] *Id.*

Accordingly, we do not reach the merits of Trudgen's claim of ineffective assistance of counsel.

B.

Trudgen next argues that the District Court violated his right to due process by denying his motion for a revocation hearing. Trudgen claims that he was given no revocation hearing despite his numerous motions for one. He argues that he is entitled to a further hearing, including the opportunity to testify on his own behalf and to present evidence, to determine whether his pretrial release should have been revoked.

Under 28 U.S.C. § 3148(b), the District Court "shall enter an order of revocation and detention if, *after a hearing*, the judicial officer … finds that there is … clear and convincing evidence that the person has violated any other condition of release; and finds that … the person is unlikely to abide by any condition or combination of conditions of release."[6] Thus, Trudgen was entitled to a hearing to determine whether he violated the conditions of his release and whether he is unlikely to abide by any conditions of release.

Despite Trudgen's claims, the record clearly shows that he received a revocation hearing, albeit with the label of "detention hearing." It is true that Trudgen initially did not receive a hearing when his release was revoked, which, according to the District Court, was due to his voluntary surrender. However, when Trudgen filed a motion for a

---

[6] 28 U.S.C. § 3148(b) (emphasis added).

revocation hearing on July 18, 2013, the District Court immediately scheduled a detention hearing for July 31, 2013.

At the detention hearing, the government outlined all of the allegations of Trudgen's violations of his release. As evidenced by surveillance videotapes obtained by the FBI, Trudgen, although ordered to home confinement, visited a casino, where he met with a person whom the government viewed as a co-conspirator and to whom Trudgen had previously sold drugs. After the government presented its case for revoking Trudgen's release, Trudgen was permitted to testify on his own behalf and explained that he "did violate [his] probation by going to the casino" and admitted that he spoke with the co-conspirator. Following Trudgen's own testimony, the government cross examined Trudgen, where he again admitted to violating conditions of his release. Finally, the District Court considered a letter written by Trudgen's wife submitted on behalf of Trudgen.

The District Court found that Trudgen had violated the conditions of his release and should remain detained, and it provided Trudgen with a transcript of the hearing for purposes of his appeal. There is no merit to Trudgen's argument that the denial of his motion for a revocation hearing denied him due process. The record clearly demonstrates that he received a hearing as required by § 3148(b). By allowing Trudgen to testify and present evidence in the form of the letter from his wife, and by providing a clear record of

7

its findings, the District Court did not deny Trudgen the protection of due process.[7]

Further, any alleged error in conducting the revocation hearing was harmless, as Trudgen ultimately pled guilty to the charges and was sentenced to 97 months' imprisonment.

## IV.

For the reasons set forth above, we will affirm the judgment of the District Court.

---

[7] *See United States v. Davis*, 845 F.2d 412, 414-15 (2d Cir. 1988) (holding that, although § 3148 is silent as to the nature of hearings, defendants are entitled to testify on their own behalf and present evidence to demonstrate that revocation is not merited, and requiring the District Court to make specific findings of fact and specify the reasons for revocation).