16-1761-cr
United States v. Galanis

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of July, two thousand sixteen.

PRESENT:  REENA RAGGI,
          PETER W. HALL,
          DENNY CHIN,
                    *Circuit Judges*.
------------------------------------------------------------------------
UNITED STATES OF AMERICA,
                    *Appellee*,


            v.                                      No. 16-1761-cr

JASON GALANIS,
                    *Defendant-Appellant*,


JOHN GALANIS, AKA "YANNI," JARED GALANIS, GARY HIRST, DEREK GALANIS, YMER SHAHINI, and GAVIN HAMELS,
                    *Defendants.*[*]
------------------------------------------------------------------------
FOR APPELLANT:              Marion Bachrach, Thompson & Knight LLP, New York, New York.

FOR APPELLEE:               Brian R. Blais, Assistant United States Attorney, *for* Preet Bharara, United States

------------------------------------------------------------------------
[*] The Clerk of Court is directed to amend the caption as set forth above.

1

Attorney for the Southern District of New York, New York, New York.

Appeal from an order of the United States District Court for the Southern District of New York (P. Kevin Castel, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order revoking bail, entered on May 18, 2016, is AFFIRMED.

Defendant Jason Galanis—who stands indicted for investment advisor fraud, securities fraud, wire fraud, and conspiracy to commit securities fraud and wire fraud, see 15 U.S.C. §§ 78j(b), 78ff, 80b-6, 80b-17; 18 U.S.C. §§ 2, 371, 1343, 1349; 17 C.F.R. § 240.10b-5—challenges the district court's revocation of bail pending trial pursuant to 18 U.S.C. § 3148(b). See 18 U.S.C. § 3145(c) (authorizing appellate review of pretrial detention orders under 28 U.S.C. § 1291). Galanis moves to stay the district court's revocation order pending appeal and for expedited appeal. We hereby GRANT the motion to expedite and proceed to address the merits because both sides have fully briefed the bail appeal and Galanis's trial is scheduled to begin on September 12, 2016. On appeal from an order revoking bail pending trial, we review the district court's factual findings for clear error and its conclusions of law de novo. See United States v. LaFontaine, 210 F.3d 125, 130 (2d Cir. 2000). In doing so, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm revocation.

The district court revoked bail based on a finding that Galanis acted to further the objectives of a different securities fraud conspiracy alleged in a May 11, 2016 Southern

2

District complaint by sending a letter, dated February 17, 2016, to individuals associated with the Wakpamni Lake Community Corporation (the "WLCC"). Galanis argues that the securities fraud conspiracy alleged in the May 11, 2016 complaint was complete prior to September 24, 2015—when he was initially granted bail in this case. Upon review of the record, we conclude that the evidence supports the district court's probable cause finding of Galanis's continued criminal activity while on release. See 18 U.S.C. § 3148(b)(1)(A). This finding, moreover, triggered a statutory presumption that "no condition or combination of conditions" would assure the community's safety, id. § 3148(b)(2)(A), and Galanis here identifies no evidence to rebut this presumption, see id. § 3148(b). While he urges a more benign construction of the February 17, 2016 letter, probable cause does not require refutation of every possible innocent explanation for the conduct at issue. See Walczyk v. Rio, 496 F.3d 139, 157 (2d Cir. 2007) (recognizing as "well established" principle that probable cause showing "cannot be negated simply by demonstrating that an inference of innocence might also have been drawn from the facts alleged"). Indeed, probable cause requires "only that the facts available to the judicial officer 'warrant a man of reasonable caution in the belief' that the defendant has committed a crime while on bail." United States v. Gotti, 794 F.2d 773, 777 (2d Cir. 1986) (quoting Texas v. Brown, 460 U.S. 730, 742 (1983)); accord United States v. Gaskin, 364 F.3d 438, 456–57 (2d Cir. 2004) (observing this standard "does not demand certainty but only a 'fair probability' that . . . evidence of a crime will be found" (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983))). We, therefore, identify no error in the inferences the district court drew from the content of the letter or its transmission,

3

which were sufficient to establish probable cause to believe that Galanis was continuing to further the WLCC fraud, not simply to conceal it.

Galanis faults the district court for failing to conduct an evidentiary hearing before making its probable cause finding. In fact, Judge Castel acted within his discretion in proceeding based on the government's proffer and his review of the February 17, 2016 letter and May 11, 2016 complaint. See United States v. LaFontaine, 210 F.3d at 130–31 (recognizing that "proffers are permissible both in the bail determination and bail revocation contexts"). Further, the district court afforded Galanis the opportunity to call witnesses and provide evidence of his own, both of which he declined. Cf. United States v. Davis, 845 F.2d 412, 415 (2d Cir. 1988) (holding that, under § 3148, defendants are entitled to "a further opportunity to testify on their own behalf and to present evidence to demonstrate that revocation of bail is not merited"). In these circumstances, we identify no procedural error.

Accordingly, Galanis's motion to expedite the appeal is GRANTED, the district court's revocation order is AFFIRMED, and Galanis's motion for a stay is DISMISSED as moot.[1]

>                    FOR THE COURT:
>                    CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[1] Insofar as Galanis moves to seal portions of the record and the parties' submissions on appeal, that motion is GRANTED as unopposed.